**IPSCO, INC. and Ipsco Steel, Inc., Plaintiffs,**

**v.**

**The UNITED STATES, Defendant,**

**and**

**Lone Star Steel Co., Defendant–Intervenor.**

**Court No. 86–07–00853.**

United States Court of International Trade.

April 18, 1989.

Barnes, Richardson & Colburn, Rufus E. Jarman, Jr., New York City, for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Platte B. Moring, III, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Dewey, Ballantine, Bushby, Palmer & Wood, Michael H. Stein, Washington, D.C., for defendant-intervenor.

## OPINION

RESTANI, Judge:

On April 22, 1986, the United States Department of Commerce, International Trade Administration (ITA) issued a final affirmative countervailing duty determination in *Oil Country Tubular Goods from Canada*, 51 Fed.Reg. 15,037 (Apr. 22, 1986). Since then, this court has twice remanded ITA's Determination because ITA, in choosing a period over which to allocate the bounty or grant received by Ipsco, failed to use data which was sufficiently particularized to the country and company under investigation or was otherwise substantiated by the record under review. In its opinion of November 23, 1988, this court remanded this case to ITA with instructions that ITA "calculate an allocation period which will accurately reflect the commercial and competitive benefit received by the plaintiffs in this case." *Ipsco, Inc. v. United States*, 12 CIT ——, 701 F.Supp. 236, 241 (1988).

On February 16, 1989, ITA issued its Second Remand Determination. In that determination, ITA calculated a 21 year allocation period which ITA asserts is based on data taken from Ipsco's 1984 Annual Report. ITA states that it "arrived at the 21–year average depreciation period by subtracting from the total value of [Ipsco's] replaceable physical assets the value of construction in progress (which was not depreciated), and then divided this result by the net depreciation charged during the year." Second Remand Determination at 4.[1] Plaintiffs object to ITA's use of the 21

---

1. The court notes that the administrative record contains conflicting evidence as to Ipsco's depreciation charged during 1984. ITA used the figure from Ipsco's 1984 Highlights, page 1 of Annual Report 1984 which indicated that Ipsco's accumulated depreciation for 1984 was $11,530,000. Public Record (PR) Document Number 49 at 2643 (Page number refers to microfilm frame number.) Apparently, however, Ipsco also submitted a *Consolidated Statement of Fi-*

year period asserting that ITA improperly allocated the benefit of the subsidy or grant received to all of Ipsco's replaceable capital assets, rather than limiting the calculation to those assets which Ipsco purchased with the money it received.

## DISCUSSION

█ In reviewing ITA's determination that a 21 year allocation period is appropriate, this court must uphold ITA's decision unless it is unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B) (1982). This court may not substitute its own judgment for that of ITA, even though the court could have justifiably come to a different conclusion had it had the burden of reviewing the matter *de novo. American Lamb Co. v. United States,* 785 F.2d 994, 1001 (Fed.Cir. 1986); *American Spring Wire Corp. v. United States,* 8 CIT 20, 22, 590 F.Supp. 1273, 1276 (1984), *aff'd sub nom. Armco, Inc. v. United States,* 760 F.2d 249 (Fed. Cir.1985).

█ In the present case ITA rejected plaintiffs' proffered methodology of allocating subsidy benefits in accordance with a depreciation schedule which accounts for only those assets which are actually purchased with the subsidy received because such approach is "inconsistent with the Department's practice of allocating grants over a period that ... reflects the average economic useful life of *all* replaceable physical assets, including buildings." Re-

mand Determination at 5.[2] In its previous opinion the court instructed ITA to apply a methodology which utilizes information of record in this case. That ITA choose to allocate the benefits derived from subsidies received by Ipsco over a period which reflects the economic useful life of all of Ipsco's replaceable physical assets, rather than only those assets which were purchased with the grants received, cannot be said to be error based on the record in this case.

As noted by ITA in its Remand Determination, a grant affords a company both immediate and long term benefits. *See* Remand Determination at 2. One benefit which a company may derive from such a grant is that it may be able to purchase much needed capital equipment which it could not otherwise acquire. But income received on day one, may also benefit a company's general operations. For example, funds which might have been expended on certain capital assets might be used to support production or sales, thereby affecting overall profitability and the potential for raising further capital or for making future investments. For ITA to allocate the benefit derived from a grant solely to particularly durable physical assets that are actually purchased with the money received, would cause ITA to underestimate the general positive effect that a grant has on such company. A company which receives a grant or subsidy to purchase a particular asset receives a benefit apart

*nancial Position* which indicated that its accumulated depreciation for 1984 was $9,685,000. PR 49 at 2662. Using the $11,530,000 figure ITA calculated a 21 year allocation period. Although ITA referred to the *Consolidated Statement* in order to assess the value of Ipsco's fixed Assets, *see* ITA letter to the court of March 28, 1989, it did not use the figures stated therein for determining Ipsco's accumulated depreciation. As neither party has indicated that ITA's decision to use the figure listed in the Highlights rather than the Consolidated Statement for purposes of calculating accumulated depreciation was either erroneous or significant, the court accepts ITA's selection of record information.

**2.** Plaintiffs also claim that they had no opportunity to comment upon ITA's approach on remand prior to ITA's issuance of its Second Re-

mand Determination. Although normally parties should be afforded an opportunity to comment upon ITA's proposed determination, the court believes that in the present case it would be inappropriate to remand this matter in order to allow the parties to comment further. Plaintiffs have presented no arguments which would lead the court to believe that remanding for such a process would be fruitful. The only particularized comment that plaintiffs have made with regard to the remand results is that the depreciation period for valuing the grant should be tied to those assets which were actually purchased with the grants received. This is not a new argument; neither is it well-founded. Thus, a remand merely to allow further comment at this time would appear to serve no constructive purpose.

from the mere ability to purchase that asset. Receipt of such subsidy allows the company to allocate its own resources in other profitable ways.

Additionally, although a subsidy or grant may have positive effects which last well into the future, ITA must be able to limit to a finite period the allocation of such benefits, in order to evaluate the impact of the subsidy on the company. If ITA were to do otherwise, ITA would presumably consistently find a *de minimis* effect because a subsidy, in addition to its short term impact, also has a long term effect which while diminishing over time, may persist nearly to infinity.

In this case ITA has chosen to limit the allocation of the subsidy to a period representing the average depreciable life of all of Ipsco's replaceable physical assets. Although this may not be a totally logical approach to grant valuation, plaintiff has failed to propose a method which the court finds is required by law, or even which can be said to be more logical or reasonable.

Because no acceptable alternative methodology is proposed and because ITA utilized information of record in applying its chosen methodology, ITA's determination is affirmed.